**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRIPLE A HOME CARE AGENCY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV668 JCH |
| | ) | |
| SYLVIA BURWELL, Secretary, U.S. | ) | |
| Department of Health and Human Services, | | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion of Defendant Sylvia Burwell, Secretary of the United States Department of Health and Human Services ("HHS") to Dismiss Plaintiff's First Amended Complaint, filed October 28, 2015. (ECF No. 30). The motion is fully briefed and ready for disposition.

## BACKGROUND[1]

Plaintiff Triple A Home Care Agency, Inc. is a provider of home healthcare services to Medicare beneficiaries. (Plaintiff's First Amended Complaint ("FAC"), ¶ 1). Defendant Burwell, the Secretary of HHS, administers the Medicare program through the Centers for Medicare and Medicaid Services ("CMS"). *Palomar Medical Center v. Sebelius*, 693 F.3d 1151, 1153 (9th Cir. 2012). CMS originally reimbursed Plaintiff's claims for services. In 2010, however, a Medicare contractor notified Plaintiff that it was reopening thirty therapy claims, for therapy provided in 2007, 2008, 2009 and 2010. (FAC, ¶ 6).[2] In a letter bearing the CMS logo

---

1 Portions of the Court's background section are taken from Plaintiff's First Amended Complaint, to which Defendant has not filed an Answer.

2 The audit was performed as part of the Recovery Audit Contractor program, enacted to "supplement CMS's efforts to protect the fiscal integrity of the Medicare program," by "identify[ing] underpayments and overpayments and recoup[ing] overpayments under the

dated February 7, 2014, CGS Administrators, LLC, made a demand upon Plaintiff for repayment of $1,397,353.00. (*Id.*, ¶ 8).

There are four levels of appeal from an adverse HHS/CMS decision, and Plaintiff alleges that it has exhausted the first two levels. (*See* 42 U.S.C. § 1395ff; FAC, ¶ 9).[3] Plaintiff initiated the third level of review, requesting a hearing before a neutral Administrative Law Judge ("ALJ"), in approximately October, 2014. (FAC, ¶ 9; *see also* 42 U.S.C. § 1395ff(d)(1)). Without awaiting a hearing, however, Plaintiff filed its original Verified Complaint in this Court on April 22, 2015. (ECF No. 1).[4]

On June 29, 2015, Defendant Burwell moved to dismiss Plaintiff's original Complaint. (ECF No. 8). On September 28, 2015, former United States Magistrate Judge Thomas C. Mummert, III,[5] ordered Plaintiff to file an amended complaint. (ECF No. 25). Plaintiff filed its First Amended Complaint, the subject of the instant motion, on October 4, 2015 (ECF No. 26),

---

medicare program." *Palomar Medical Center*, 693 F.3d at 1153, 1156 (internal quotations and citation omitted).

3 Specifically, Plaintiff maintains it presented the denied claims to the Medicare Administrative Contractor ("MAC") for redetermination by someone not involved in making the original determination, pursuant to 42 U.S.C. § 1395ff(a)(3), and appealed the MAC's decision to a Qualified Independent Contractor for reconsideration pursuant to 42 U.S.C. § 1395ff(c). (Plaintiff's Verified Complaint ("Compl."), ¶¶ 18, 24, 50).

4 Plaintiff's original Complaint was brought in two counts. Count I, a mandamus claim, asked that the Court "issue an order compelling HHS to show cause why HHS should not: forthwith provide Plaintiff a hearing before an ALJ and ALJ decision required by law in its claim appeals pending at the DAB for ninety days or more; forthwith provide Plaintiff the resolution required by law in its claim appeals pending at the DAB for ninety days or more; and otherwise comply with its statutory obligations in administering the appeals process for all providers." (Compl., ¶ 68). Count II, an Administrative Procedure Act claim, asked that the Court "order that HHS and CMS show cause why a preliminary injunction and permanent injunction should [not] be issued to enjoin HHS and CMS from initiating recoupment before Plaintiff has a hearing before an ALJ and decision from said ALJ." (*Id.*, ¶ 76).

5 Upon the retirement of Judge Mummert, this case was transferred to United States Magistrate Judge Patricia L. Cohen. (ECF No. 37). Judge Cohen did not receive full consent to jurisdiction by a Magistrate Judge, however, and the case was reassigned to the undersigned on February 10, 2016. (ECF No. 39).

and Judge Mummert denied Defendant's first Motion to Dismiss as moot on October 5, 2015. (ECF No. 27).[6]

**DISCUSSION**

In its First Amended Complaint, Plaintiff asserts this Court has jurisdiction in this case pursuant to 28 U.S.C. § 1331. (FAC, ¶ 3). Defendant counters this Court does not have subject matter jurisdiction over Plaintiff's claims, as they arise under the Medicare program.

To determine this question, the Court turns to 42 U.S.C.§ 405(h)[7], which provides as follows:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

The Eighth Circuit has explained that although section 405(h) appears to be a conclusive bar of jurisdiction over Medicare claims, "section 405(g), after requiring exhaustion of administrative avenues of relief, limits the preclusive effect of section 405(h)." *Clarinda Home Health*, 100 F.3d at 529. Section 405(g) in turn states in relevant part as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow….The court shall have power to enter, upon the pleadings and transcript of the record, a

---

6 While the nature of the relief sought in Plaintiff's First Amended Complaint is not entirely clear, as the Court construes the pleading Plaintiff asks this Court to waive the Medicare statute's exhaustion requirement, and proceed to a determination of the merits of its appeal.

7 42 U.S.C. § 405(h) is part of the Social Security Act, but is incorporated into the Medicare Act by 42 U.S.C. § 1395ii. *Clarinda Home Health v. Shalala*, 100 F.3d 526, 529 (8th Cir. 1996). In applying 42 U.S.C. § 405(h) to the Medicare Act, references to the Commissioner of Social Security are considered references to the Secretary of the Department of Health and Human Services. *See* 42 U.S.C. § 1395ii.

> judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

Taken together, 42 U.S.C.§§ 405(g) and (h) thus provide that judicial review of claims arising under the Medicare Act is precluded under § 1331, and may only be had under §405(g) after there has been a final decision by the Secretary. *Great Rivers Home Care, Inc. v. Thompson*, 170 F.Supp.2d 900, 903-004 (E.D. Mo. 2001).

Although the statutory framework does not provide relief to Plaintiff, as it admittedly has not exhausted its administrative remedies, the Eighth Circuit previously has recognized a constitutional exception to the statutory exhaustion requirement. *Clarinda Home Health*, 100 F.3d at 530. "This exception applies where the litigant: (1) raises a colorable constitutional claim collateral to his substantive claim of entitlement; (2) shows that irreparable harm would result from exhaustion; and (3) shows that the purposes of exhaustion would not be served by requiring further administrative procedures." *Id.* at 530-31 (internal quotations and citations omitted). *See also Great Rivers Home Care*, 170 F.Supp.2d at 905 (citations omitted) ("Specifically, courts must weigh the following factors in determining if waiver of the requirement of administrative exhaustion is appropriate: 1) whether the claim is collateral to a demand for benefits; 2) whether exhaustion would be futile; and 3) whether the plaintiff would suffer irreparable harm if required to exhaust its administrative remedies before obtaining relief.").

Upon consideration, the Court finds Plaintiff here fails to establish entitlement to the statutory exhaustion exception, for several reasons. First, the Court agrees with Defendant that Plaintiff's claims are not collateral to its substantive claim of entitlement; rather, Plaintiff seeks review of the Medicare contractor's determination that it overbilled the program, relief "'inextricably intertwined' with [Plaintiff's] claims for benefits." *Heckler v. Ringer*, 466 U.S. 602, 614, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). *See also Great Rivers Home Care*, 170

F.Supp.2d at 905 ("Further, the Court disagrees with plaintiff's characterization of its request to enjoin the recoupment process pending appeal of the overpayment decisions as being merely collateral to a claim for benefits.").

Second, the Court finds Plaintiff fails to show that irreparable harm would result from exhaustion, as the Medicare statute itself provides an escalation remedy designed to provide either an expeditious resolution of claims or access to judicial review in a timely manner. For example, 42 U.S.C. § 1395ff(d)(1)(A) requires the ALJ to render a decision within ninety days of the date the request for hearing is timely filed. If the ALJ fails to render such decision, "the party requesting the hearing may request a review by the Departmental Appeals Board of the Department of Health and Human Services, notwithstanding any requirements for a hearing for purposes of the party's right to such a review." 42 U.S.C. § 1395ff(d)(3)(A). Furthermore, the Departmental Appeals Board is required to make a decision or remand the case to the ALJ for reconsideration within ninety days of the date a request for review is timely filed, *see* 42 U.S.C. § 1395ff(d)(2)(A), and if it fails to do so, "the party requesting the hearing may seek judicial review, notwithstanding any requirements for a hearing for purposes of the party's right to such judicial review." 42 U.S.C. § 1395ff(d)(3)(B).[8]

Finally, Plaintiff fails to show "that the purposes of exhaustion would not be served by requiring further administrative procedures," *Clarinda Home Health*, 100 F.3d at 531, as it is entirely possible that the Departmental Appeals Board would reverse prior decisions and rule in Plaintiff's favor. Under these circumstances, Plaintiff is required to exhaust its administrative remedies, and Defendant's Motion to Dismiss must be granted. *See Schoolcraft v. Sullivan*, 971

---

8 When deciding an appeal that was escalated from the ALJ, the Departmental Appeals Board has 180 days within which to "issue a final decision or dismissal order or remand the case to the ALJ." *See* 42 C.F.R. § 405.1100(d).

F.2d 81, 85 (8th Cir. 1992) (waiver of administrative remedies is the exception to the general rule, warranted only under exceptional circumstances), *cert. denied*, 114 S.Ct. 902 (1994).[9]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sylvia Burwell's Motion to Dismiss the Amended Complaint (ECF No. 30) is **GRANTED**, and Plaintiff's First Amended Complaint is **DISMISSED**. An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th Day of February, 2016.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

9 In light of the above ruling, the Court need not consider Defendant's assertion that Plaintiff's claims fail on the merits.